[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2006
THOMAS K. KAHN
CLERK

No. 05-17168
Non-Argument Calendar
_____

D. C. Docket No. 05-20606-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONICTOR JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 13, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ronictor Joseph appeals his 46-month total sentence imposed after his plea of guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2); forgery or false use of a passport, in violation of 18 U.S.C. § 1543; and falsely claiming United States citizenship, in violation of 18 U.S.C. § 911. The sentence was composed of concurrent terms of 46 months' imprisonment as to Counts One and Two, and 36 months' imprisonment as to Count Three.

Joseph was deported to Haiti based on his cocaine conviction. He was arrested attempting to reenter the United States illegally with a fraudulent passport. Joseph argues on appeal that his sentence is unreasonable in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). His argument is based largely upon his claim that his case involved "unique circumstances" in that he attempted to enter the United States because he was receiving threats in Haiti.[1] After review, we affirm.

Sentences imposed under an advisory Guidelines system are reviewed for unreasonableness. Booker, 543 U.S. at 261, 125 S. Ct. at 765. Following the

_____

[1]Joseph also states briefly that removal following his sentence will cause hardship to his wife and children because realistically they will not be able to join him in Haiti. He does not, however, expressly challenge the requirement that he surrender for removal following his incarceration, or cite any authority to show that this was reversible error. Accordingly, this argument is deemed waived. See United States v. Nealy, 232 F.3d 825, 830-831 (11th Cir. 2000).

Booker decision, we have stated that the district court must first correctly calculate the defendant's Guidelines range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).[2] "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) facts or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). A district court's statement that it considered the § 3553(a) factors is sufficient in post-Booker sentences to indicate that it considered the factors. See id. at 1330. "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Joseph acknowledged below that the district court properly calculated the applicable advisory range under the Guidelines, and does not dispute the

---

[2]The § 3553(a) factors include the available sentences, the applicable Guidelines range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

3

calculation on appeal. See Crawford, 407 F.3d at 1179. Joseph's advisory Guidelines range was 46 to 57 months' imprisonment.

At Joseph's sentencing hearing, which occurred after the Supreme Court's ruling in Booker, the district court heard mitigating factors as to his crime, criminal and personal history, and family situation. The court stated that it reached the 46-month total sentence after calculating the Guidelines range and applying it in an advisory manner. It specified that it reached the sentence after considering, among other things, the unique circumstances of the case, including the reasons Joseph committed the crimes, his criminal history, and the nature and seriousness of the crimes. In fact, Joseph attempted to reenter the United States illegally shortly after deportation while still on supervised release for his prior cocaine offense.

The district court accepted as true Joseph's representations as to his situation in Haiti and acknowledged that "[i]t's a difficult time in that country." The court also stated that it understood that he "want[ed] to be back here with [his] family and live in some relative safety." However, it found that Joseph had previously committed "a serious crime," specifically, importing cocaine, and was aware that he was not to return to the United States. The district court found that the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i), in particular, was warranted in light of the recent nature of Joseph's deportation. It stated that the instant offenses were

4

"major violations of the law," and that he could have pursued other options even though that "might have been difficult."

Accordingly, the district court considered the § 3553(a) factors and conducted a proper reasonableness inquiry. See Winingear, 422 F.3d at 1246; Booker, 125 S.Ct. at 766; 18 U.S.C. § 3553(a).

Furthermore, the total term of imprisonment imposed, 46 months, is at the low end of the advisory Guidelines range and is far lower that the aggregate statutory maximum sentence available to the district court. See 8 U.S.C. § 1326 (b)(2); 18 U.S.C. § 1543.[3] Accordingly, we cannot say the sentence is unreasonable. See Winingear, 422 F.3d at 1246; 18 U.S.C. § 3553(a). Thus, we affirm Joseph's 46-month sentence.

**AFFIRMED.**

---

[3]We recognize that the statutory maximum sentence for falsely claiming United States citizenship, in violation of 18 U.S.C. § 911, is 3 years' imprisonment or 36 months imprisonment. 18 U.S.C. § 911. However, the statutory maximum sentence for illegally reentering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), is 20 years' imprisonment, and the statutory maximum sentence for forgery or false use of a passport, in violation of 18 U.S.C. § 1543, is 10 years' imprisonment. 8 U.S.C. § 1326 (b)(2); 18 U.S.C. § 1543.